**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:16CV-P141-JHM**

MAURICE SUMMERS                                                                    PLAINTIFF

v.

SGT MARTY TEASLEY *et al.*                                                    DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Maurice Summers filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

**I.**

Plaintiff is a convicted inmate at the Daviess County Detention Center (DCDC). He sues DCDC; Lt. Marty Teasley; Corrections Officer James Hicks; and Corrections Officer Renfrow. He sues Teasley, Hicks, and Renfrow in their official capacities only.

As his statement of the claim, Plaintiff states that on September 1, 2016, he was assaulted by other inmates. He states that at the time he was assaulted he was "robbed of 18 E-cigs ($198.05) along with approximate amount of $75.00 of commissary and a loss of my prescription glasses ($300.00)." He states that he needs his glasses to see "and it's causing me to have head achs." He states that he was "rushed to an outside urgent care medical center to receive stiches above my right eye, and now I have been seeing tracers out of the corner of my right eye. Do to the blow to my eye may also be a cause of my recent head achs." Plaintiff further maintains, "I have ask this facility about retrieving my glasses and my stolen items and nothing has been do about it." He states that he is a state inmate housed with county inmates and that he was

assaulted by county inmates.  He states that at the time of the assault he had been sleeping on the floor.  He asserts, "This facility is quick to run in a cell to search for extra blankets, towles, sheets but does nothing when an inmate is assalted and robbed of their commissary and belonging."  He continues, "All they have done is removed me from that cell.  And I am out of over $575.00 that my family has sent me to live as comfortable as possible."

Plaintiff also maintains that "the Lt. nor any of the officers gave me the opportunity, choice or chance to pursue Assault charges against the other inmates whom Assalted me and robbed me of my belongings."  He states, "No charges where filed.  But a incident report was filed."

As relief, Plaintiff seeks compensatory and punitive damages and release on parole.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff brings this action under § 1983.  "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the

3

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendant DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000).  The claim against DCDC is actually brought against Daviess County.  *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Moreover, official-capacity claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978).  Therefore, Plaintiff's official-capacity claims against Defendants Teasley, Hicks, and Renfrow are also actually brought against Daviess County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will first examine whether the complaint alleges a constitutional violation.

### *Failure-to-protect claim*

The Eighth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners."  *Farmer v.*

4

*Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  However, not "every injury suffered by

one prisoner at the hands of another . . . translates into constitutional liability for prison officials

responsible for the victim's safety." *Id.* at 834.  Rather, to maintain an Eighth Amendment claim

based on a failure to prevent harm, an inmate must allege both an objective and subjective

component.  *Id*.  With regard to the objective component, the plaintiff "must show that he [was]

incarcerated under conditions posing a substantial risk of serious harm." *Id.*  The subjective

component requires the plaintiff to allege that the defendant acted with "deliberate indifference"

to that risk.  *Id.*  "Deliberate indifference is a state of mind akin to criminal recklessness:  the

official must both be aware of the facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*,

341 F. App'x 168, 171 (6th Cir. 2009) (internal quotation marks and citations omitted).

> Indeed, as the Court of Appeals for the Seventh Circuit explained:

> In failure to protect cases, a prisoner normally proves actual knowledge of
> impending harm by showing that he complained to prison officials about a
> specific threat to his safety.  Mere negligence (for example if a prison guard
> should know of a risk but does not) is not enough to state a claim of deliberate
> indifference under the Eighth Amendment.  It is also not sufficient to show that
> the prison guard merely failed to act reasonably.

*Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (internal quotation marks and citations omitted).

> With regard to establishing the first component – substantial risk of serious harm – an

inmate must allege that he was incarcerated under conditions posing a substantial risk of serious

harm.  *Hester v. Morgan*, 52 F. App'x 220, 222 (6th Cir. 2002).  To do so, he must allege that

"there was a substantial risk of serious harm to inmates generally, or to himself specifically." *Id*.

at 223.  Plaintiff makes no allegation that there was any warning or threat of violence to him or

other inmates or that he or other inmates had been the subject of an assault in the past.  Because

Plaintiff has failed to allege that a substantial risk of harm existed, he fails to state a claim upon

5

which relief may be granted. *See, e.g.*, *Fanning v. Voyles*, No. 2:13-cv-02011-WMA-HGD, 2014 U.S. Dist. LEXIS 164376, at *11 (N.D. Ala. Oct. 9, 2014) (finding no substantial risk of harm to plaintiff existed where assaulting inmate had spat on and kicked another inmate several days prior to his attack on the plaintiff); *cf. Sousa v. Anglin*, 481 F. App'x 265, 267 (7th Cir. 2012) (finding that plaintiff had alleged that he was incarcerated under conditions posing a substantial risk of harm where his cellmate weighed 260 pounds, was known as a "barn boss," and had a history of attacks on at least five prior cellmates); *Green v. Bowles*, 361 F.3d 290, 294-95 (6th Cir. 2004) (concluding that the plaintiff had satisfied the first element of a failure-to-protect claim by alleging that, as a transgendered inmate, she was vulnerable to assaults by other inmates and that the assaulting inmate had "a long institutional history of being a disruptive, violent inmate" and was "a maximum-security inmate").

Secondly, even if Plaintiff could demonstrate that he was incarcerated under conditions imposing a substantial risk of harm, he has failed to present evidence which demonstrates that any Defendant knew of and disregarded that risk. Courts have generally held that unexpected incidents are insufficient to establish a claim for deliberate indifference. *See, e.g.*, *Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013) ("Courts routinely deny deliberate indifference claims based on surprise attacks.") (citation omitted). Plaintiff does not allege that he complained to prison officials about any threat to his safety. Nothing in the complaint demonstrates that the assault was anything but an unexpected incident or gives any other indication that Defendants knew of and disregarded a risk of harm to Plaintiff.

Accordingly, Plaintiff's failure-to-protect claim must be dismissed for failure to state a claim upon which relief may be granted.

***Loss of personal belongings***

Plaintiff also complains that he had approximately $575.00 in personal belongings stolen from him and that Defendants have not done anything about it.  A claim concerning the loss of personal property does not give rise to a constitutional violation.  The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a § 1983 claim under the Due Process Clause of the Fourteenth Amendment.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation.  *Parratt v. Taylor,* 451 U.S. at 543-44.  The law of this Circuit is in accord.  For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."  *Id.* at 1066.  The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*.  *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).  Therefore, Plaintiff does not state a constitutional violation with respect to this claim.

***Loss of eye glasses***

To the extent Plaintiff is alleging a claim under the Eighth Amendment with regard to the loss of his prescription eye glasses, the denial of prescription glasses may result in a sufficiently serious harm under the Eighth Amendment.  However, Plaintiff fails to allege any facts showing that the deprivation of his eye glasses resulted in any harm.  *See Koehl v. Dalsheim*, 85 F.3d 86,

87-88 (2d Cir. 1996) ("specially prescribed, tinted eye-glasses" to prevent double vision and loss of depth perception asserted sufficiently serious medical need when confiscation of prisoner's eyeglasses rendered his left eye "almost sightless" and caused the eye to shift into the corner of its socket); *Bethel v. Smith*, No. 3:13-cv-692, 2015 U.S. Dist. LEXIS 62810, at *12 (E.D. Va. May 13, 2015) (denying Eighth Amendment claim where the plaintiff failed to allege sufficiently serious harm resulting from denial of prescription glasses) (citing *Tormasi v. Hayman*, 452 F. App'x 203, 206 (3d Cir. 2011) (optometry needs found serious due to significantly blurred vision "resulting in dizziness and imbalance that caused him to fall and walk into objects" including a fall that resulted in a broken jaw); *Gray v. Stolle*, No. 3:11CV546, 2013 U.S. Dist. LEXIS 116479, at *9 (E.D. Va. Aug. 16, 2013) (inmate who was denied glasses stated a viable Eighth Amendment claim because he experienced "headaches and blurry vision" and had fallen down stairs and from the top bunk).  Plaintiff alleges no harm from the loss of his eye glasses other than headaches, which he states may also be caused by the assault by the other inmates. The Court finds this to be no more than a *de minimis* injury.  *See Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998); *Williams v. Smith*, No. 4:10-CV-04085, 2012 U.S. Dist. LEXIS 125038, at *29-31 (W.D. Ark. Aug. 14, 2012) (holding that dizziness, headache, and scars from a "sucker punch" were only *de minimis* injuries).

Accordingly, Plaintiff's claim concerning the loss of his eye glasses must be dismissed for failure to state a claim.

### Housing with county inmates

"[P]rison  officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. at 526-27).  However,

"[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An Eighth Amendment claim challenging the conditions of an inmate's confinement has both an objective and subjective component:  (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

With regard to Plaintiff's claim that state and county inmates are housed together, while state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, an inmate does not enjoy a constitutional right to be housed in any particular facility or a particular part of the facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility).  Therefore, Plaintiff cannot state a cognizable § 1983 claim based generally on being a state inmate housed with county inmates.

### Inability to file assault charges

Finally, Plaintiff alleges that Defendants did not give him the opportunity to file assault charges against the other inmates who assaulted him.  However, as a private citizen, Plaintiff does not have a constitutional right to initiate or compel the initiation of criminal proceedings against another individual. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel

government officials to arrest or prosecute another person."); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted."); *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002).  Therefore, Plaintiff cannot state a constitutional violation under § 1983 for any party's failure to allow him to pursue assault charges, and this claim must be dismissed.

For the above reasons, the complaint fails to state a constitutional violation.  The Court will dismiss the action by separate Order.

Date:    March 31, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Daviess County Attorney
4414.010

10